IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DELANO RIELS AND MARGARET RIELS**            **PLAINTIFFS**

**V.**            **CIVIL ACTION NO. 2:14cv57-KS-MTP**

**BANK OF AMERICA, N.A. SUCCESSOR BY
MERGER TO BAC HOME LOAN SERVICING,
LP FKA COUNTRYWIDE HOME LOANS
SERVICING, LP AND JOHN DOES 1
THROUGH 10**            **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Motion to Declare Temporary Restraining Order Dissolved ("Motion to Declare") [3] of the Defendant Bank of America, N.A., successor by merger to BAC Home Loan Servicing, LP formerly known as Countrywide Home Loans Servicing, LP ("BANA"). Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

On April 15, 2014, the Plaintiffs Delano Riels and Margaret Riels filed their Emergency Petition for a Temporary Restraining Order and/or Permanent Injunction and Other Relief ("Petition") against BANA in the Chancery Court of Forrest County, Mississippi. (*See* Petition [1-2].) The Petition asserts a claim for injunctive relief and requests "that the Court enjoin foreclosure proceedings until a trial on the merits can be heard, and that following a trial on the merits the Court grant permanent injunctive relief prohibiting Defendants herein from taking any other and further action to deprive Plaintiffs of their home." (Petition [1-2] at ¶ 9.) Plaintiffs also seek attorney's fees, costs, pre-judgment interest, and post-judgment interest. On April 16, 2014, the

Chancellor found the grant of "a temporary restraining order" to be appropriate and entered an Order temporarily restraining BANA "from taking any further action toward foreclosing on the property of the Plaintiffs . . . until further order of this court." (Order [3-1].) The matter was set to be heard on April 29, 2014, at the Forrest County Courthouse.

On April 25, 2014, BANA removed the proceeding to this Court based on diversity of citizenship subject matter jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].) The Notice of Removal asserts that the Plaintiffs are citizens of Mississippi and BANA is a citizen of North Carolina for purposes of diversity. Furthermore, BANA claims § 1332(a)'s amount in controversy requirement is met because the Plaintiffs seek to prevent foreclosure proceedings in connection with their mortgage loan, which has an unpaid principal balance in excess of $150,000.00.

On June 6, 2014, BANA filed its Motion to Declare [3]. BANA argues that the Court should declare the temporary restraining order ("TRO") issued by the Chancellor dissolved for two reasons. First, Plaintiffs failed to post a bond as security for the TRO in accordance with Mississippi Rule of Civil Procedure 65(c).[1] Second, the TRO was issued without notice and thus expired ten (10) days after its entry, on April 26, 2014,

---

[1] "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney's fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained . . . ." Miss. R. Civ. P. 65(c).

pursuant to Mississippi Rule of Civil Procedure 65(b).[2]  BANA further requests an order requiring the Plaintiffs to pay its costs and all reasonable attorney's fees.

On June 23, 2014, Plaintiffs filed their Response in Opposition [6] to BANA's motion.  As to BANA's argument under Mississippi Rule of Civil Procedure 65(c), Plaintiffs note that they posted a bond with the Chancery Clerk of Forrest County in the amount of $250.00.  The state court record shows that the bond was posted on June 10, 2014, after the action was removed to this Court.  Plaintiffs also appear to defend against BANA's Mississippi Rule of Civil Procedure 65(b) argument on the basis that the foreclosure attorney participated in a telephonic hearing before the Chancellor prior to the issuance of the TRO.  Plaintiffs ask that the Motion to Declare [3] be denied, and further request "a renewed order enjoining further foreclosure proceedings until this matter has been heard on the merits."  (Resp. in Opp. [6] at p. 3.)

The record before the Court is ambiguous as to whether BANA had notice of the Petition prior to the entry of the TRO.  However, the Court need not resolve this ambiguity nor consider the effect of the Plaintiffs posting a bond in the state court post-removal for purposes of deciding the Motion to Declare [3].  Although these issues could be outcome determinative under Mississippi Rule of Civil Procedure 65, the Court's focus is on Federal Rule of Civil Procedure 65 and its interpretative precedent.

---

[2] "Every temporary restraining order granted without notice . . . shall expire by its terms within such time after entry, not to exceed ten days, as the court fixes (except in domestic relations cases, when the ten-day limitation shall not apply), unless within the time so fixed the order for good cause shown is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period."  Miss. R. Civ. P. 65(b).

By federal statute, orders and injunctions entered in a state court action prior to "removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. However, "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70. of Alameda County*, 415 U.S. 423, 437, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). The United States Supreme Court has considered the intersection of § 1450 and Federal Rule of Civil Procedure 65(b) in a removed action and issued the following axiom:

> An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, *but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.*

*Granny Goose Foods, Inc.*, 415 U.S. at 439-40 (emphasis added).

Federal Rule of Civil Procedure 65(b) states in pertinent part:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—*not to exceed 14 days*—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65(b)(2) (emphasis added). Several courts have found Rule 65(b)'s prescribed time limitations to apply to TROs issued with notice even though the Rule

only speaks to TROs issued without notice.[3] As discussed by the United States Court of Appeals for the Fifth Circuit, a contrary "interpretation would read out of the rule the requirement of the consent of the restrained party to an extension beyond" the specified period. *Connell*, 240 F.2d at 417; *cf. Pan Am. World Airways, Inc.*, 306 F.2d at 842 n.1 (explaining that the Rule's time limitations are not intended to protect parties from unknown restraints for excessive periods because if a TRO is to have any efficacy, the restrained party will have notice of the TRO immediately after its issuance).

This action was removed to this Court on April 25, 2014. The Plaintiffs' first filing in this Court was their June 23 Response in Opposition [6]. Thus, the Plaintiffs did not request an extension of the TRO within fourteen (14) days of removal. There is also no indication of BANA consenting to an extension of the TRO at any time. As a result, the TRO expired, at the latest, on May 9—14 days after the removal—pursuant to Federal Rule of Civil Procedure 65(b)(2). *See Granny Goose Foods, Inc.*, 415 U.S. at 439-40.

The Plaintiffs' request for a renewed order precluding BANA from conducting

---

[3] *See, e.g.*, *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 946 (7th Cir. 2006) (rejecting the plaintiff's contention that Rule 65(b)'s period of limitations only applies to a TRO issued without notice); *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962) ("The fact that notice is given and a hearing held cannot serve to extend indefinitely beyond the period limited by the Rule the time during which a temporary restraining order remains effective."); *Connell v. Dulien Steel Prods., Inc.*, 240 F.2d 414, 417-18 (5th Cir. 1957) (refusing to accept the district court's finding that Rule 65(b)'s time restrictions were inapplicable where the order was approved in the presence of legal counsel for both sides); *Rural Media Group, Inc. v. Performance One Media, LLC*, No. 8:09cv447, 2010 WL 273979, at *1, 3 (D. Neb. Jan. 13, 2010) (applying the time limits of Rule 65(b) to a TRO issued in state court even though the defendant was served with the plaintiff's application for TRO); *Carrabus v. Schneider*, 111 F. Supp. 2d 204, 210 (E.D.N.Y. 2000) ("[T]here is no reason to believe that a state court TRO issued on notice, and in anticipation of a preliminary injunction hearing, is exempt upon removal to the federal forum from the Rule 65 time limitation that clearly does govern an *ex parte* TRO in the same circumstances.").

foreclosure proceedings pending the resolution of this action is not well taken. First, the request is not presented in a form recognizable under the Court's Local Uniform Civil Rules since it is contained within the Plaintiff's Response in Opposition [6]. *See* L.U.Civ.R. 7(b)(3)(C) (providing that a response in opposition to a motion may not include a counter-motion, and that "[a]ny motion must be an item docketed separately from a response"). Second, the Plaintiffs' conclusory and unsubstantiated assertions regarding a likelihood of success on the merits, irreparable harm, and the like fail to warrant the extraordinary remedy of preliminary injunctive relief. *See Shorty v. Sparkman*, No. 5:12cv114, 2013 WL 319336, at *2 (S.D. Miss. Jan. 28, 2013); *Branch v. Liddell*, No. 2:07cv353, 2009 WL 259611, at *5 (S.D. Miss. Feb. 3, 2009).[4]

Finally, BANA's request for costs and reasonable attorney's fees will be denied. BANA fails to cite any statute, rule of procedure, or court opinion authorizing such relief in conjunction with an order declaring a TRO expired. The Court opts not to search out legal authorities in support of this demand.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Declare [3] is granted in part and denied in part. The motion is granted to the extent the Court finds that the TRO issued by the state court prior to removal expired on May 9, 2014, pursuant to Federal Rule of Civil Procedure 65(b)(2). The motion is denied to the extent the Defendant seeks any associated costs and attorney's fees.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for the parties are to contact the chambers of the United States Magistrate Judge Michael T. Parker within seven (7) days of the entry of this Order to schedule a case management conference.

---

[4] Nothing said here precludes the Plaintiffs from filing a properly supported motion for a preliminary injunction under Federal Rule of Civil Procedure 65(a).

SO ORDERED AND ADJUDGED this the 3rd day of October, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE