IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DELANO RIELS AND MARGARET RIELS**                                    **PLAINTIFFS**

v.                                                          **CIVIL ACTION NO. 2:14-CV-57-KS-MTP**

**BANK OF AMERICA, N.A. SUCCESSOR BY
MERGER TO BAC HOME LOAN SERVICING, LP
FKA COUNTRYWIDE HOME LOANS SERVICING, LP
AND JOHN DOES 1-10**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matters is before the Court on Defendant Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP's ("BANA") Motion for Summary Judgment [28] and Motion to Strike [35]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds BANA's Motion for Summary Judgment [28] to be well taken and should be granted. The Court also finds that BANA's Motion to Strike should be denied as moot.

## I. BACKGROUND

On March 7, 2003, Plaintiffs Delano and Margaret Riels ("Plaintiffs") obtained a loan for $157,219.00 from Countrywide Home Loans, Inc., and issued a Deed of Trust covering their property located at 77 Tate McKenzie Road, Petal, Mississippi 39465 (*See* Promissory Note [28-1]; Deed of Trust [28-2].) The Deed of Trust was then assigned to BAC Home Loans Servicing, LP, in April 2011, which then merged with BANA. (*See* BANA Affidavit [28-3] at ¶ 6.) BANA is the current owner of the loan.

Plaintiffs were granted two loan modifications, one in 2006 and one in 2010, which brought their loan current. (*See* BANA Affidavit [28-3] at ¶ 8.) In March 2013, Plaintiffs defaulted on their loan once more by failing to make their monthly payment. (*See id.* at ¶ 9.)

Plaintiffs received a 45 Day Notice of Intent to Accelerate and Foreclose on April 15, 2013, informing them that $2,595.54 was overdue on their loan and that they had until June 4, 2013, to pay this amount plus any additional regular monthly payments due before that date. (*See* Notice of Intent [34-3] at p. 1.) BANA also reserved its right to reject any partial payments in its notice. (*See id.*) Plaintiffs paid the $2,595.54 for the months of March and April, but failed to include the monthly payment due in May, which BANA rejected as a partial payment. (*See* Loan History [34-4] at p. 24.)

Plaintiffs submitted a written request on January 27, 2014, for the history of the loan, BANA's transaction codes and definitions, the amount needed to pay-off the loan, and the name and address of the true owner of the mortgage. (*See* Riels Letter [28-4].) This information, minus the transaction codes and their definitions, was sent to Plaintiffs by February 14, 2014. (*See* Processing Letter [28-5]; Loan History Letter [28-6]; Mortgage Owner Letter [28-7]; Payoff Statement [28-8]; Response Letter [28-9].)

Plaintiffs filed their Petition for a Temporary Restraining Order and/or Permanent Injunction and Other Relief ("Petition") [1-2] on April 15, 2014, in the Chancery Court of Forrest County, Mississippi. The Chancery Court granted a temporary restraining order ("TRO") against foreclosure proceedings on April 16, 2014. BANA then removed the case to this Court pursuant to 28 U.S.C. § 1446(d) on the basis of diversity of citizenship under 28 U.S.C. § 1332. On October 3, 2014, this Court found that the TRO had expired on May 9, 2014, pursuant to Federal Rule of Civil Procedure 65(b)(2), and dissolved the TRO accordingly. (*See* Order [8] at p. 5.)

On July 15, 2015, BANA filed its Motion for Summary Judgment [28]. In their response to the motion, Plaintiffs attached declarations from purported former BANA employees and

2

contractors from a separate Massachusetts action that has no connection to the case at bar. BANA filed its Motion to Strike [35] these declarations from consideration on September, 4, 2015.

## II. MOTION FOR SUMMARY JUDGMENT [28]

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). Summary judgment is mandatory when, "after adequate time for discovery and upon motion, . . . a party . . . fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). However, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant meets his burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting

*Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citing *Sec. & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

**B.     Plaintiffs' Claims**

Besides summarily listing the elements necessary to establish a need for an injunction, Plaintiffs' claim for relief in their Petition [1-2] reads:

> 11.     Plaintiffs believe that they have been subjected to unfair and illegal servicing of their loan and despite their repeated efforts to get full, complete and adequate accounting of all payments and charges, defendant has failed to provide the same and has moved toward foreclosure without regard to the rights of the plaintiff.
>
> 12.     Plaintiff, by and through the undersigned attorney, has made numerous efforts at resolving this matter without success; repeated efforts at getting documentation to substantiate the amount paid to the lienholder and an accurate accounting have been unsuccessful as set out in the attorney's affidavit.

(*See* Petition [1-2] at pp. 2-3.)  BANA argues that the only cause of action that can possibly be construed from the Petition is a claim under the Real Estate Settlement Procedures Act (RESPA),

12 U.S.C. §§ 2601-17.  Plaintiffs do not argue a RESPA claim in their response to BANA's request for summary judgment and explicitly say in their Petition that they bring no claim under federal law.  (*See* Petition [1-2] at p. 2, ¶ 5.)  The Court therefore finds that no RESPA claim has been brought and will look at those claims Plaintiffs' contend they have pleaded.

In their response brief, Plaintiffs allege that they are bringing the following claims: unfair and illegal servicing of their loans; misleading statements and deceptive activities in connection with their loan modifications; unlawful acts, plans, schemes, or transactions in the assignments of their loan; continued contact with Plaintiffs after being notified that they were represented by counsel; breach of duty of good faith and fair dealing by not implementing a program to help homeowners in distress; and negligence.  Even under an extremely liberal reading of the pleadings, the only purported claims that could possibly be derived the Petition would be claims of unfair and illegal servicing of Plaintiffs' loans and negligence.  No other claim is properly before the Court for consideration.  *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.")

###### 1.      Unfair and Illegal Servicing of Plaintiffs' Loans

Because the only authority Plaintiffs point to under this claim are settlement agreements and pending lawsuits to which they are not parties, the Court is left to assume that the purported illegality of the loan servicing is based in a violation of the Deed of Trust, which would be a breach of contract claim.  This supposed illegal servicing occurred, though, after Plaintiffs had already breached the contract themselves by defaulting on their loan.  As such, any obligations BANA had under the contract were discharged upon Plaintiffs' breach.  *See J.O. Hooker & Sons,*

*Inc. v. Roberts Cabinet Co., Inc.*, 683 So.2d 396, 403 (Miss. 1996) (quoting *Matheney v. McClain*, 161 So.2d 516, 519-520 (Miss. 1964)) ("[W]hen 'the breach of the contract is such that upon a reasonable construction of the contract, it is shown that the parties considered the breach as vital to the existence of the contract.'").  Even if Plaintiffs could bring a breach of contract claim, they have not specified which terms of the contract were supposedly breached.  Plaintiffs make vague references to the Home Affordable Modification Program (HAMP), but the record does not show that Plaintiffs participated in HAMP when they modified their loan, nor does the Petition make any mention of Plaintiffs' loan modification, let alone claim that BANA's actions during their modification processes were wrongful.

As for Plaintiffs' contention in their Petition that BANA withheld information about the loan when it was requested, which the Court assumes is meant to fit somewhere in Plaintiffs' claim of illegal servicing, the evidentiary record shows that this accusation is unsubstantiated.  Plaintiffs submitted a written request on January 27, 2014, for the history of the loan, BANA's transaction codes and definitions, the amount needed to pay-off the loan, and the name and address of the true owner of the mortgage.  (*See* Riels Letter [28-4].)  All of this information, except for the transaction codes and their definitions, was sent to Plaintiffs by February 14, 2014.  (*See* Processing Letter [28-5]; Loan History Letter [28-6]; Mortgage Owner Letter [28-7]; Payoff Statement [28-8]; Response Letter [28-9].)  Plaintiffs have adduced no evidence to show that this information was not a complete and adequate accounting of the history of the loan, and have pointed to no specific instance of "illegal servicing."

Because Plaintiffs have not met their burden of proof for any claim under what they call "unfair and illegal servicing," the Court **grants** BANA's Motion for Summary Judgment [28] as to this claim.

        **2.**      **Negligence**

Plaintiffs cite *Alvarez v. BAC Home Loans Servicing, LP*, a California Court of Appeals case, in support of their negligence claim against BANA. 228 Cal. App.4th 941 (Cal. Ct. App. 2014). In *Alvarez*, the California court found that, because the lender had already agreed to consider modification of the borrowers' loan, it had a duty to timely and carefully process the loan modification applications because it could be reasonably foreseen that this could cause the borrowers harm. *Id.* at 948. Even if the Court found it appropriate to apply Californian precedent, the facts of *Alravez* are in no way similar to this case. There is no accusation that BANA mishandled modification applications and Plaintiffs have not made a claim in connection with the modifications of their loan.

Plaintiffs state in a conclusory manner that BANA had a legal duty "to implement and administer programs to help homeowners in distress, including principal reduction mortgage modifications, forbearance, or forgiveness," but cite no authority establishing such a duty. (*See* Response Memo. [34] at p. 12.) Assuming *arguendo* that such a duty were recognized under Mississippi law, Plaintiffs' claim still fails because they have brought forward no evidence showing that BANA breached that duty as Plaintiffs' loans were modified not once, but twice. Therefore, even if Plaintiffs had brought a negligence claim in their Petition in connection with BANA's modification of their loan and even if they could establish BANA had a legal duty to help them as "homeowners in distress," Plaintiffs have not established that BANA breached this hypothetical duty nor have they shown causation or damages. *See Weathersby Chevrolet Co., Inc. v. Redd Pest Control Co., Inc.*, 778 So.2d 130, 133 (Miss. 2001) (citing *Carpenter v. Nobile*, 620 So.2d 961, 964 (Miss. 1993)) (detailing the four elements of duty, breach, causation, and damages necessary to prove negligence under Mississippi law).

Therefore, because Plaintiffs have failed to meet their burden as to their negligence claim, the Court **grants** BANA's Motion for Summary Judgment [28] as to this claim as well.

### III.  MOTION TO STRIKE [35]

Because the evidence BANA wishes to have stricken from consideration has no bearing on the Court's decision to grant its request for summary judgment, its Motion to Strike [35] will be **denied as moot**.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that BANA's Motion for Summary Judgment [28] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that BANA's Motion to Strike [35] is **denied as moot**.

SO ORDERED AND ADJUDGED this the 20th day of October, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE